UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

| | | |
|---|---|---|
| **DENEA DURDEN** ) | | |
| 5934 Spring Hollow Dr. ) | Case No. | |
| Toledo, OH 43615 ) | | |
| ) | | |
| Plaintiff, ) | Judge: | |
| ) | | |
| v. ) | | |
| ) | | |
| **UNITED STATES POSTAL SERVICE** ) | | |
| 475 L'enfant Plaza, SW ) | | |
| Washington, DC 20260-0010, ) | **COMPLAINT WITH** | |
| ) | **ENDORSED JURY** | |
| and ) | **DEMAND** | |
| ) | | |
| **POSTMASTER GENERAL** ) | | |
| Louis DeJoy ) | | |
| United States Postal Service ) | | |
| 475 L'enfant Plaza, SW ) | | |
| Washington, DC 20260-0010, ) | | |
| ) | | |
| Defendants. ) | | |

Plaintiff, Denae Durden ("Plaintiff" or "Ms. Durden"), by and through counsel, hereby states as follows for her Complaint for damages against Defendants United States Postal Service and Postmaster General DeJoy ("Defendants" or "USPS"):

1. Plaintiff has been denied rights guaranteed to her by the Family and Medical Leave Act of 1993, as amended. ("FMLA")

**PARTIES**

2. Ms. Durden is a natural person residing in Lucas County, Ohio.

3. USPS is an agency of the United States of America.

4. Ms. Durden is an eligible employee pursuant to the FMLA.

1

5. USPS is a covered employer under the FMLA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction to hear Plaintiff's Complaint pursuant to 28 U.S.C. § 1331, as amended, as this case involves federal questions.

7. Venue is proper in this Division and District pursuant to 28 U.S.C. §1391(b), because the claims arose in Lucas County, Ohio and because Defendant is a federal Defendant under 28 U.S.C. 1339.

## FACTS

8. Ms. Durden began employment with USPS in Toledo, Ohio on August 23, 2015, and remains employed by USPS.

9. Ms. Durden works for USPS as a Retail Pool Clerk, at 43601.

10. On December 13, 2018, Ms. Durden requested FMLA for her own severe health condition beginning December 13, 2018.

11. On December 14, 2018, Defendants' FMLA unit issued WH-381 to Ms. Durden in response to her FMLA request from 12/13/18, for FMLA beginning on 12/13/18, notified her that she was eligible for FMLA, and requested that she provide sufficient medical certification by 01/01/19; they also notified her that the fixed leave year was based on the postal leave year.

12. Ms. Durden's healthcare provider signed off on the FMLA medical certification, stating that she had a chronic condition which would incapacitate her for one to two days per week.

13. On December 17, 2018, Ms. Durden contacted Defendants' FMLA unit and stated that management officials informed her that she was not eligible for FMLA due to the hours worked; an eligibility package was generated and sent to her based on her request from 12/13/18;

yet she was eligible on 12/13/18; Ms. Durden informed the specialist that she had faxed her documents in.

14. Ms. Durden's medical certification was received via fax.

15. On December 18, 2018, Defendants' FMLA unit issued a letter to Ms. Durden, alleging that the information that they received on 12/16/18 was not complete and sufficient and demanding that she provide the following information to them by 12/28/18:

    a. "Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment) *Please provide the duration of the episodic flare ups* Return the complete certification".

16. Defendants' FMLA unit also issued WH-382 to Ms. Durden, alleging that the medical certification they received on 12/17/18 was not complete and was insufficient and demanding that she provide the requested information by 12/28/18.

    a. They requested: "Information needed to sure this documentation is highlighted on the attached form and listed below." Nothing listed. Reference was made to a designation notice/cure letter.

17. On December 24, 2018, Ms. Durden called Defendants' FMLA unit to verify the status of her FMLA; they noted that they informed her that they sent a cure letter that she should receive that day based on the tracking number; she was granted seven day extension, which changed the due date from 12/28/18 to 01/07/19.

18. On December 28, 2018, Ms. Durden faxed a medical certification, which was originally signed by her healthcare provider on 12/14/18 and updated with additional information on 12/28/18 to the FMLA unit.

19. On January 02, 2019, Defendants' FMLA unit issued WH-382 in response to the updated FMLA information provided by Ms. Durden's healthcare provider on 12/28/18, informing Ms. Durden that her request for FMLA was approved, and stating that the leave was estimated as one to two times per six to twelve months, two hours to two days per episode.

20. On January 8, 2019, a WH-381 prepared by Defendants' FMLA unit alleging that Ms. Durden requested leave to care for a minor child on 01/08/19 to begin on 01/07/19 and that she was notified that her request was denied due to her not meeting the eligibility requirements - specifically not having the minimum hours worked – and stating that she had worked 1,212.27 hours.

   a. (The FMLA unit did not provide any other information. They did not provide a copy of where this information came from.) They also stated that the fixed leave year was based on the postal leave year.

21. On January 12, 2019, Defendants' FMLA unit prepared WH-381, informing Ms. Durden that her request on 01/11/19 for FMLA beginning on 01/11/19 to care for a minor child was denied due to her not meeting the eligibility requirements, alleging that she had worked 1,212.27 hours in the last 26 pay periods.

4

  a. (The FMLA unit did not provide any other information. They did not provide a copy of where this information came from.) They also stated that the fixed leave year was based on the postal leave year.

  22. On February 14, 2019, Defendants' FMLA unit prepared a WH-381 in response to Ms. Durden's request on 02/13/19 for FMLA beginning on 02/13/19 for her own severe health condition, notifying her that she was an eligible employee, requesting that she return medical certification by 03/04/19, and notifying her that the fixed leave year was based on the postal leave year.

  23. On March 04, 2019, Ms. Durden was provided an extension to the deadline to return medical certification, to 03/08/19.

  24. On March 7, 2019, Ms. Durden faxed the FMLA medical certification to the FMLA unit. The certification was completed by her HCP on 03/06/19.

  25. On March 13, 2019, Defendants' FMLA unit delivered a letter to Ms. Durden alleging that her request for FMLA on 03/07/19 was not complete and sufficient and demanding the following be provided no later than 03/23/19:

  a. "Health care provider please provide approximate date condition commenced, estimate beginning and ending dates of incapacity and estimate the frequency and duration of incapacity. HCP must initial and date all changes. Please return all pages."

  b. Defendants' FMLA unit prepared a WH-382 and alleged that although they received information on 03/07/19, the certification was incomplete. They requested that she

5

provide the following information by 03/23/19: "Information needed to cure this documentation is highlighted on the attached form and listed below. See attached Designation Notice/cure letter."

26. On March 20, 2019, Ms. Durden faxed an updated FMLA medical certification to Defendants' FMLA unit, which was originally completed by her HCP on 03/06/19.

27. On March 20, 2019, Ms. Durden's Supervisor and Post Master refused to allow her leave required for a flareup of her severe health condition, and her supervisors made fun of her and threatened that she would be terminated if she left work, leaving Ms. Durden no choice but to remain working at her counter, crying in misery.

28. On March 26, 2019, Defendants' FMLA unit prepared a WH-382, informing Ms. Durden that her FMLA request from 03/20/19 was approved.

29. From April through June of 2019, Ms. Durden had to call off due to her FMLA condition; she called the appropriate 800 number and the system accepted her requests, but when she returned to work, her supervisor tried to discipline her for her absence, alleging that her request for FMLA was pending, not approved, since she has worked fewer than 1,250 hours (actually 1,239 hours) in the system.

30. On June 11, 2019, Defendants issued a letter to Ms. Durden alleging that she had been on continuous leave since 06/04/19 but had failed to update management on her status and failed to bring in documentation for this absence, yet Ms. Durden had called in to Defendants' FMLA line and requested FMLA for these days.

31. On July 23, 2019, Ms. Durden's supervisor disciplined her upon her return to work from FMLA protected leave for not providing her with a doctor's note for her absence by giving

6

Case: 3:21-cv-01890-JZ Doc #: 1 Filed: 10/05/21 7 of 13. PageID #: 7

her a "Return to Work" counseling letter for absences including three days FMLA protected leave, demanding that Ms. Durden supply doctor's note every time she used FMLA.

32. On September 11, 2019, Ms. Durden faxed a leave request form for leave on 09/18/18 and three dates in October 2019 to her supervisor, but her supervisor intentionally and falsely claimed to have lost her requests and wrote her up in retaliation for her complaints about her supervisor's handling of her FMLA.

33. On September 27, 2019, Ms. Durden's supervisor issued a retaliatory write-up to her for FMLA protected leave she had availed herself of on 09/25/19, issued a Pre-Disciplinary Interview/Investigation to her file, and complained to Ms. Durden about FMLA protected leave she had availed herself of between 09/16/19 through 09/25/19.

34. On October 7, 2019, Ms. Durden's supervisor sent her a harassing text alleging that she didn't have enough hours worked to request FMLA leave - even though Ms. Durden had not requested any FMLA leave at this time – and she replied to her supervisor that her FMLA certification was good until 2020.

35. On October 9, 2019, Ms. Durden's supervisor verbally reiterated the allegation that Ms. Durden did not have enough hours worked to request FMLA, solely to harass her for availing herself of FMLA rights.

36. From October 9, 2019 through October 16, 2019, Ms. Durden was placed on leave by her EAP therapist - who provided a letter that Ms. Durden delivered to Defendants' FMLA unit referencing Ms. Durden's FMLA leave and serious health condition - due to stress caused by her supervisor's FMLA retaliation and harassment; and Ms. Durden also submitted a written request

7

for leave from October 09, 2019 through October 16, 2019, referencing her FMLA and her serious health condition.

37. On October 10, 2019, Ms. Durden requested a document stating how much of her FMLA leave she had used to date, as she believed she was being investigated and needed proof that she hadn't exceeded her leave, but Defendants' FMLA unit never provided this information to her.

38. Upon her return to work on October 17, 2019, Ms. Durden's supervisor demanded that she sign several forms 2971 for Leave without Pay, charged her with being AWOL on October 9, 2019, despite her therapists' and her written requests for leave, and refused to sign two form 2971s for future leave dates requested by Ms. Durden.

39. On October 22, 2019, Ms. Durden's supervisor again made a verbal threat to Ms. Durden, asserting that she was almost out of FMLA leave.

40. On November 14, 2019, Ms. Durden formally complained to DOL about her FMLA retaliation, harassment, discrimination, and interference, and requested relief.

41. DOL found that Defendants had outdated and deficient FMLA notices from 2012 in the Toledo worksites.

42. DOL found that Defendants' FMLA Policy "515 Absence for Family Care or Illness of Employee" contained deficient information including, insufficient "leave entitlements," incomplete "benefits and protections" information, incomplete "eligibility requirements" information, insufficient information describing "requesting leave," total omission of any "employer responsibilities," and total omission of "enforcement information."

43. DOL also found that the Joint APWU and USPS FMLA Q & A document did not contain all the information required by the regulations.

44. Among other deficiencies and inaccuracies, DOL also found that the FMLA information provided to new hires during orientation was only general in nature and failed to provide all of the information required.

45. DOL found that at no point during the two years it investigated had Ms. Durden exhausted her FMLA leave, contrary to Ms. Durden's supervisor's persistent taunts.

46. Rather, DOL "determined that the employer, through the local management, violated the FMLA when they discriminated/interfered with Ms. Durden's FMLA rights."

47. DOL specifically found that Ms. Durden's supervisor was doing things to aggravate and provoke her, as evidenced by the text messages that her supervisor sent to her, in relation to her FMLA leave.

48. The October 7, 2019 text messages constitute retaliatory and unlawful demands for recertification that, if legitimate, should have come from Defendants' FMLA unit, and that interfered with Ms. Durden's FMLA rights by discouraging her from exercising those rights.

49. DOL also found that Defendants violated the FMLA when Ms. Durden's supervisor demanded a doctor's note for each FMLA absence even if consistent with medical certification Ms. Durden had already supplied to Defendants' FMLA unit.

50. Ms. Durden's supervisor's demands for doctor's notes for previously certified FMLA leave constitute retaliation, discrimination, and interference in violation of the FMLA.

51. On May 25, 2021, in retaliation against Ms. Durden for complaining about discriminatory pay, Defendants issued Ms. Durden a written warning, ostensibly in part for an incident that occurred on July 14, 2016.

52. DOL also concluded that Ms. Durden's supervisor's demands that she reapply for FMLA leave even though she had current certification were substantiated and plausibly constitute unlawful retaliation, discrimination and inference under the FMLA, as Ms. Durden alleges here.

53. DOL also substantiated Ms. Durden's allegations that she was denied eligibility for FMLA leave by her supervisor when she was eligible and that her local managers would not allow her to take FMLA leave while her request for FMLA leave was pending approval, concluded that such management conduct plausibly constitutes "interference with Ms. Durden's right to exercise FMLA [or] retaliation," and further resolved "The direct supervisor must stop her retaliatory actions," and Ms. Durden reiterates those allegations here.

## COUNT I
## FMLA INTERFERENCE

54. Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

55. 29 U.S.C. 2612(a)(1)(A) states that "It shall be unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."

56. Defendants willfully violated the FMLA, 29 U.S.C. §§ 2615(a)(1) and (2), by interfering with Plaintiff's right to take FMLA leave and by retaliating against Plaintiff for trying to exercise her rights under the FMLA.

10

57. At no time prior to the allegations contained herein did Plaintiff exceed the time available to her under the FMLA.

58. Defendants lacked good faith and/or reasonable grounds to believe that it had not violated the FMLA in its treatment of Plaintiff.

59. Defendants' practice of refusing to comply with statutory and regulatory requirements of the FMLA constitutes willful interference with the rights of employees in violation of §2315(a).

60. Defendants' conduct constitutes violations of §2615(a)(1)-(2) and §2615 (b)(1)-(3).

61. Defendants' violation of the FMLA entitles Plaintiffs, pursuant to 29 U.S.C. § 2617(1)(a), to monetary damages, including back pay, future pay, benefits and other compensation and losses sustained by Plaintiffs, emotional distress and mental anguish, interest, liquidated damages, other appropriate equitable relief, reasonable attorney's fees, reasonable expert witness fees and costs of the action.

62. Plaintiff is entitled to her back pay, liquidated damages, as well as her costs and reasonable attorney fees, and any other compensation or remedy available to her in law or equity.

## COUNT II
## FMLA RETALIATION

63. Plaintiff incorporates by reference all other averments set forth in this Complaint as if fully set forth herein.

64. 29 U.S.C. 2612(a)(1)(A) states that "It shall be unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."

11

65. Defendants willfully violated the FMLA, 29 U.S.C. §§ 2615(a)(1) and (2), by interfering with Plaintiff's right to take FMLA leave and by retaliating against Plaintiff for trying to exercise her rights under the FMLA.

66. At no time prior to the allegations contained herein did Plaintiff exceed the time available to her under the FMLA.

67. Defendants lacked good faith and/or reasonable grounds to believe that it had not violated the FMLA in its treatment of Plaintiff.

68. Defendants' practice of refusing to comply with statutory and regulatory requirements of the FMLA constitutes willful interference with the rights of employees in violation of §2315(a).

69. Defendants' conduct constitutes violations of §2615(a)(1)-(2) and §2615 (b)(1)-(3).

70. Defendants' violation of the FMLA entitles Plaintiffs, pursuant to 29 U.S.C. § 2617(1)(a), to monetary damages, including back pay, future pay, benefits and other compensation and losses sustained by Plaintiffs, emotional distress and mental anguish, interest, liquidated damages, other appropriate equitable relief, reasonable attorney's fees, reasonable expert witness fees and costs of the action.

71. Plaintiff is entitled to her back pay, liquidated damages, as well as her costs and reasonable attorney fees, and any other compensation or remedy available to her in law or equity.

**WHEREFORE,** Plaintiff Denae Durden respectfully requests that this Honorable Court enter judgment in her favor in an amount greater than $75,000.00, as follows:

a. Back pay;

b. Front pay;

  c. Compensatory damages for emotional distress, mental anguish, and pain and suffering;

  d. Punitive damages;

  e. Liquidated damages;

  f. Court costs, expenses, prejudgment interest, postjudgment interest and attorney's fees; and

  g. Any other relief authorized by law and deemed just and proper.

        Respectfully submitted,

        /s/ Tod J. Thompson
        Tod J. Thompson (Ohio Bar No. 0076446)
        Plaintiff's Trial Lawyer
        810 Sycamore St., 5th Floor
        Cincinnati, OH 45202
        Tel: (513) 322-4348
        Fax: (513) 263-9001
        Email: tod@tthompsonlaw.com

## **JURY DEMAND**

  Plaintiff, Denae Durden, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

        /s/ Tod J. Thompson
        Tod J. Thompson (Ohio Bar No. 0076446)